UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LOWELL FINDLEY, and JONI FINDLEY,

       Plaintiffs,

  v.

AMERICAN HOME MORTGAGE CORPORATION, dba AMERICAN BROKERS CONDUIT, and dba AMERICAN HOME MORTGAGE SERVICING, INC.; WINDSOR CAPITAL MORTGAGE CORPORATION, CHRIS CARTER, an individual; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and DOES 1-50,

       Defendants.

CIV. NO. S-10-2885 FCD-KJN

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on American Home Mortgage Servicing, Inc. ("AHMSI") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively "defendants") motion to

dismiss plaintiffs Lowell Findley and Joni Findley's[1] (collectively "plaintiffs") first amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(6).[2] Defendant AHMSI argues that it should be dismissed from the action because it is not the same entity as named defendants American Home Mortgage Corporation or American Brokers Conduit ("ABC"), and furthermore, because it was not in existence at the time plaintiffs' loan originated.  AHMSI and MERS also move to dismiss the FAC on a variety of other bases, including, that each of plaintiffs' claims are barred by the relevant statute of limitations, and the FAC does not satisfy even the minimum pleading requirements of Federal Rule of Civil Procedure 8(a).[3] In opposing the motion, plaintiffs ask that should the court grant defendants' motion to dismiss in any respect, it give

---

[1]   In addition to defendants' other arguments seeking to dismiss plaintiffs' claims, defendants assert that Joni Findley does not have standing to bring any of the claims in the FAC because plaintiffs executed a Grant Deed, granting the subject property solely to Lowell T. Findley on March 31, 2006.  Because the court dismisses the action on other grounds, the court does not consider this argument, and otherwise refers to this action as being brought by both plaintiffs.  Defendants may, however, raise this argument in any future motion to dismiss.

[2]   Defendants also filed a motion to strike portions of plaintiffs' FAC.  Because the court dismisses all of plaintiffs' claims against AHMSI and MERS pursuant to Rule 16, it need not reach defendants' motion to strike.

[3]   Because the court concludes that AHMSI is not a proper defendant in this action, it need not reach the merits of plaintiffs' claims against AHMSI.  Further, because the court dismisses plaintiffs' claims against defendant MERS for failure to allege a RESPA violation, the court does not reach the merits of plaintiffs' other claims against defendant MERS, as without a viable federal claim for relief the court would decline to exercise supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c).

2

plaintiffs the opportunity to amend their complaint.[4]

For the reasons set forth below, defendants' motion to dismiss is GRANTED. Plaintiffs, however, are permitted leave to amend the complaint as to defendant MERS. Defendant AHMSI is hereby dismissed from the action.

## BACKGROUND

In January 2006, plaintiffs decided to refinance their home. (Pls.' First Amended Complaint ["FAC"], Docket No. 1-10, filed Oct. 27, 2010, ¶ 48). On February 24, 2006, defendant Chris Carter, an employee of defendant Windsor Capital Mortgage, submitted a loan application for plaintiffs. (FAC ¶ 51). On or about March 24, 2006, plaintiff Lowell Findley executed an Adjustable Rate Note in the amount of $280,000 with lender ABC to refinance the existing mortgage on the property located at 12020 Kimberly Road, Marysville, California 95901. (FAC ¶¶ 2, 47-57); (Defs.' Request for Judicial Notice ["RJN"], Docket No. 5, filed Nov. 2, 2010, Exhibit A).[5] A Deed of Trust was also executed on or about March 24, 2006 relating to the property located on Kimberly Road, which named MERS nominee beneficiary for lender ABC and ABC's assignees. (RJN, Exhibit B). Plaintiffs eventually went into default on their loan. (FAC ¶ 60). On

---

[4] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[5] Defendants filed a Request for Judicial Notice ("RJN") concurrently with their motion to dismiss. Plaintiff did not object to the request. Because the court may take judicial notice of matters of public record and documents that are integral to claims in the complaint which are not subject to reasonable dispute, the court considers the documents contained in the RJN in ruling on defendants' motion to dismiss.

3

April 5, 2010, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was recorded with the Yuba County Recorder. (RJN, Exhibit D).

On July 20, 2010, plaintiffs filed an action in the Superior Court of California, County of Yuba, against defendants and other parties. (Defs.' Notice of Removal ["NR"], Docket No. 1, filed Oct. 27, 2010, ¶ 1). Defendants subsequently filed a demurrer against all causes of action as well as a motion to strike portions of plaintiffs' complaint. (NR ¶¶ 2-3). On or about October 8, 2010, plaintiffs filed the FAC asserting nine causes of action. (NR ¶ 4). Plaintiffs filed the FAC for harm allegedly "resulting from the Defendants' acts or omissions . . . surrounding the residential loan transaction ("Subject Loan") on the Plaintiffs' residence." (FAC ¶ 2). Plaintiffs generally allege that this action arises out of a predatory lending scheme where they were victimized by mortgage loan related activity involving their residence on Kimberly Road. (FAC ¶ 15).

In addition to various state law claims, plaintiffs' seventh cause of action in the FAC alleges a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"). Specifically, plaintiffs argue that the payment of a "yeild spread premium" constituted a "kickback" or referral fee in violation of RESPA. (FAC ¶ 149). Further, plaintiffs' RESPA claim alleges that defendants "split charges between them which were connected to transactions involving federally related mortgage loans" and that defendants split charges with other defendants who did not render settlement services. (FAC ¶¶ 151-52). Because plaintiffs' FAC asserted a claim for a violation of

4

1  a federal statute, defendants filed a Notice of Removal of the
2  action from the Superior Court of California to this court on
3  October 27, 2010.

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. <u>See</u>, <u>id.</u>

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)(citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>See</u>, <u>Mir v. Little Co. of Mary Hospital</u>, 844 F.2d 646, 649 (9th

Cir. 1988); <u>Isuzu Motors Ltd. v. Consumers Union of United States</u>, Inc., 12 F. Supp.2d 1035, 1042 (C.D. Cal. 1998).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged enough facts to "state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. <u>Id.</u> at 1952. When there are well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 1950.

**ANALYSIS**

**A.   Claims against defendant AHMSI**

AHMSI argues plaintiffs have improperly named the company as a defendant in this action. AHMSI asserts it is not the entity connected to the lender associated with plaintiffs' loan, and further, that the company only came into existence *after* the events giving rise to plaintiffs' claims took place. (Defs.' Mot. to Dismiss ["Defs.' Mot."], Docket No. 4, filed Nov. 11, 2010, at 5-7). In support of its argument, AHMSI submits evidence via the RJN establishing that it is a Delaware corporation, which was incorporated on September 6, 2007 under the name AH Mortgage Acquisition Co., Inc.[6] (Defs.' Mot. at

---

[6] Defendants assert that there is Maryland corporation that at one time shared the same name as defendant AHMSI. (Defs.' Mot. at 6). The Maryland corporation was once known as American Home Mortgage Servicing, Inc. but has subsequently
(continued...)

6

6)(citing RJN, Exhibit E [Certificate of Incorporation] and Exhibit F [Change of Corporate Name Form]).  AHMSI indicates it previously raised this issue on the demurrer filed in state court.  (Id. at n. 2).  Yet again in their FAC, plaintiffs named AHMSI as a defendant.  In response to the instant motion, plaintiffs do not allege any facts to establish AHMSI's involvement in plaintiffs' loan transaction.  In fact, plaintiffs' opposition ignores the issue completely.  Instead, plaintiffs reallege in their opposition, in some instances verbatim, the allegations of the FAC against the *collective* group of defendants, failing to establish any wrongdoing by AHMSI specifically.  Because plaintiffs did not oppose defendants' motion to dismiss on this ground and because they have not alleged any facts to demonstrate that AHMSI is a proper defendant, the court hereby dismisses defendant AHMSI from the action.

**B.   Claims against defendant MERS[7]**

Defendants argue that plaintiffs' RESPA claim should be dismissed as time-barred because it was not brought within the one year statute of limitations that applies to violations of 12

---

[6](...continued)
changed its name to AHM SV, Inc.  (Id.); (See RJN, Exhibit H [Change of Name filed with Maryland Department of Corporations]).  Defendants assert that the Maryland corporation has a connection to American Home Mortgage Corporation, and therefore, that plaintiffs may be seeking to assert claims against that entity instead of defendant AHMSI.  (Defs.' Mot. at 6).

[7]   The court considers plaintiffs' RESPA claim in the first instance because it supplies this court with jurisdiction over the case.  As indicated above, if plaintiffs cannot adequately allege a RESPA claim, the court would remand the remaining state law claims to state court.

U.S.C. 1207. (Defs.' Mot. at 18). More specifically, defendants argue that in order to be within the statute of limitations, plaintiffs should have brought the action within one year after the loan closed, which was in April 2006. (Id.). Further, even if timely filed, defendants argue that plaintiffs do not state a viable claim for a RESPA violation because plaintiffs do not allege that defendant MERS actually gave or received kickbacks in violation of RESPA.

To state a cognizable claim for violation of RESPA, plaintiffs must preliminarily allege facts demonstrating the claim was brought within the statute of limitations. A RESPA claim alleging that illegal kickbacks were made must be brought a year from the date of the occurrence of the violation. See 12 U.S.C. § 2614. Here, plaintiffs' RESPA claim is based on allegedly illegal kickbacks, fees, and payments made on *unspecified* dates. Because plaintiffs do not allege the dates of the alleged illegal conduct, plaintiffs have failed to establish that their claims were brought within the statute of limitations.[8]

Furthermore, plaintiffs fail to allege any specific conduct by MERS giving rise to a RESPA violation. Plaintiffs' opposition

---

[8] Plaintiffs did not raise equitable tolling in their opposition. Plaintiffs' FAC states that the misrepresentations and allegations in the complaint were discovered within the past year, and therefore, the statute of limitations should be extended pursuant to an equitable tolling doctrine or other equitable principles. (FAC ¶ 97). However, this conclusory statement that plaintiff's claims are subject to equitable tolling is not sufficient for the court to validate plaintiffs' RESPA claim. If plaintiffs believe their RESPA claim is subject to equitable tolling they must allege facts to support the application of the doctrine in their second amended complaint.

only restates allegations in the complaint that defendants, *collectively*, split charges and made kickback payments. (See Opp'n at 14-15; FAC at 26-27). Plaintiffs' FAC does allege that the broker of the loan transaction "received $9,320 for originating the loan, [and] $3,850 in the form of a yield spread premium" (FAC at 10); however, there are no allegations, in the FAC or in plaintiffs' opposition, that state how *defendant MERS* was involved in the alleged illegal kickbacks. Instead, plaintiffs broadly assert that defendants, generally, violated 12 U.S.C. § 2607 when they "split charges between them which were connected to transactions involving federally related mortgage loans, including but not limited to the 'yield spread premium.'" (FAC at 27; Opp'n at 14). While Rule 8 only requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," it is not enough for the complaint to make general allegations against multiple defendants without providing more specificity as to the claims against each defendant. See Fed. R. Civ. Pro. 8(a)(2); e.g. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (noting that a pleading must give fair notice and state the elements of the claim plainly and succinctly). Here, plaintiffs' conclusory allegations against all defendants collectively are insufficient to state a viable claim against MERS specifically. Therefore, the court concludes that plaintiffs' RESPA claim against defendant MERS is properly, alternatively, dismissed on this basis.

Because plaintiffs only first alleged a RESPA violation in their FAC and considering that leave to amend shall be freely

9

given pursuant to Federal Rule of Civil Procedure 15(a), the court dismisses plaintiffs' RESPA claim against MERS without prejudice.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED.  Defendant AHMSI is hereby dismissed from this action. Plaintiffs, however, are permitted leave to amend the complaint with respect to defendant MERS.[9]  Plaintiff shall file a second amended complaint in accordance with this order within 20 days of the date of this order.  MERS shall have 20 days after service thereof to file a response.

IT IS SO ORDERED.

DATED: December 14, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[9] The court notes that this case remains pending against defendants Chris Carter and Windsor Capital Mortgage Corporation. Neither of these defendants, however, has appeared in the action or otherwise responded to the complaint.  From a review of the docket, it is not clear that these defendants have been served. Accordingly, the court directs plaintiffs to file within 20 days of this order, either a proof of service or a declaration attesting to the efforts to serve these defendants and indicating the status of service.