IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOWELL & JONI FINDLEY,

    Plaintiffs,                        No. CIV S-10-2885 KJM-KJN

    vs.

AMERICAN HOME MORTGAGE CORPORATION, dba AMERICAN BROKERS CONDUIT and dba AMERICAN HOME MORTGAGE SERVICING, INC.; WINDSOR CAPITAL MORTGAGE CORPORATION; CHRIS CARTER, an individual; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 50, inclusive,

    Defendants.                     <u>ORDER</u>

/

        This matter comes before the court on the notice of plaintiffs' failure to file amended complaint by court ordered deadline and request for dismissal filed by American Home Mortgage Servicing, Inc. ("AHMSI")[1] and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "defendants"). (ECF 12.) For the following reasons, the court DENIES defendants' request and REMANDS the remaining causes of action to state court.

---

[1] It is unclear why this notice was filed on behalf of AHMSI, as AHMSI was dismissed from this action by court order of December 14, 2010. (ECF 11.)

1

I. PROCEDURAL HISTORY

Plaintiffs filed their complaint in Yuba County Superior Court on July 1, 2010 (ECF 1-3) and their amended complaint on October 4, 2010. (ECF 1-10.) Defendants removed this action to this court on October 27, 2010 based upon federal question jurisdiction. (ECF 1.)

Defendants filed a motion to dismiss with this court on November 2, 2010. (ECF 4.) The court entered an order seemingly granting defendants' motion, dismissing AHMSI from the action and granting plaintiffs leave to amend the complaint with respect to MERS. (ECF 11 at 3.) Plaintiffs were to file a second amended complaint within twenty days of the date of the order. (*Id*. at 10.) Plaintiffs have not filed a second amended complaint.

Accordingly, defendants filed a notice of plaintiffs' failure to file amended complaint by court ordered deadline and request for dismissal on January 12, 2011. (ECF 12.) Plaintiffs filed a response on January 14, 2011. (ECF 13.) Plaintiffs admit that they have elected not to file an amended complaint but contend that the court order in question concerned only one cause of action and that, as the remaining causes of action are brought under state laws, the case should be remanded to state court. (*Id*. at 2.) MERS filed a reply on January 20, 2011, opposing plaintiffs' request to remand and maintaining that this court has jurisdiction over the state law causes of action because there is complete diversity and the amount in controversy exceeds $75,000. (ECF 14 at 3.)

II. ANALYSIS

A. Failure to file amended complaint

Federal Rule of Civil Procedure 41(b) – which states: "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it" – is inapplicable here. The matter before the court does not present a situation where plaintiffs failed to comply with the court's December 14, 2010 order. In the order, the court reached the merits of plaintiffs' federal claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), dismissing it, and declined to reach the merits of the other claims

2

against defendant MERS. (ECF 11 at 2 n.3.) In doing so, the court stated "if plaintiffs cannot adequately allege a RESPA claim, the court would remand the remaining state law claims to state court." (*Id*. at 7 n.7 & 2 n.3.) However, the court elsewhere purported to grant the whole of defendants' motion and indicated that it "dismisses all of plaintiffs' claims against . . . MERS . . . ." (*Id*. at 2 n.2 & 3.) Accordingly, the court now clarifies the December 14 order: the court finds that the order granted plaintiffs twenty (20) days to file an amended complaint if they wished to maintain a RESPA claim against MERS. However, it clearly indicated that the action would be remanded – not dismissed – if plaintiffs failed to amend. Further, the state claims against MERS were not dismissed. The court denies defendants' request for dismissal of plaintiffs' complaint.

   B.  Request for remand

    District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"; and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties. 28 U.S.C. §§ 1331, 1332(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance" – there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Id.* (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In fact, "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'"

*Statey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

The present action was removed to this court on the grounds of federal question jurisdiction. (*See* Not. of Removal, ECF 1.) However, as the lone federal claim alleged in the amended complaint for violation of RESPA has been dismissed, federal question jurisdiction is defeated. MERS would have the court now assert diversity jurisdiction over this action. MERS specifically alleges that there is complete diversity because it is the only remaining defendant in this action and the amount in controversy exceeds $75,000. (MERS's Response at 3.)

MERS's request must be denied. Significantly, this case was not removed on the grounds of diversity jurisdiction. MERS is effectively asking the court to allow it to amend the notice of removal; however, "'[a]mendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.'" *ARCO Envtl. Remediation, LLC v. Dept. of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting 16 Moore's Federal Practice § 107.30(2)(a)(iv)). A case from another district court in this circuit, *Hughes v. Unumprovident Corp.*, 2009 U.S. Dist. LEXIS 1658 (N.D. Cal. Jan. 5, 2009), is instructive here. In that case, the defendants removed the action on the basis of federal question jurisdiction and then asked the court to invoke diversity jurisdiction after the federal claims were dismissed. As in the present matter, defendants in that case "failed to point to a case where a district court exercised diversity jurisdiction under similar circumstances. . . . In short, defendants have cited no authority directly holding that a district court may subsequently exercise subject matter jurisdiction over a case on

/////
/////
/////
/////
/////

the basis of diversity jurisdiction where diversity was lacking at the time of removal." *Id.* at *12-13. The *Hughes* court found that

> the general rule regarding the propriety of removal jurisdiction is determined by assessing whether the action could have been brought in federal court at the time of removal, not, as defendants suggest, whether it exists at the time the federal court is considering the motion to remand. In determining the propriety of a motion to remand, it is irrelevant that diversity was created after removal by the elimination of claims against the non-diverse defendant. If removal on the basis of diversity jurisdiction was not proper in the first instance, the federal court consequently has no authority to subsequently exercise jurisdiction on that basis.

*Id.* at *15; *see also Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (finding "the court is without discretion to permit amendment for the purpose of asserting an entirely new basis of subject matter jurisdiction" where a third party asked the court to allow defendants to amend their removal notice).

Thus, the operative question is whether diversity existed at the time of removal. *See Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 757 (9th Cir. 1999) ("[D]iversity jurisdiction is determined at the time the action commences . . . ."); *see also Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)) ("When an action is removed based on diversity, complete diversity must exist at removal."). MERS argues that the inclusion of defendants Chris Carter and Windsor Capital Mortgage Corporation in the amended complaint does not defeat diversity. (MERS's Response at 2 n.1.) However, there is no indication, and MERS does not allege, that these defendants were fraudulently joined; therefore, the question appears to be whether they can rightly be considered non-parties to this case so as not to defeat diversity. The court notes that Carter and Windsor Capital, though named as defendants in the first amended complaint, have neither been served nor appeared in this case. This, however, is irrelevant to the court's analysis. Rather, "[t]he case law is clear that a defendant who is a citizen of plaintiff's state destroys complete diversity, regardless of whether that defendant was properly served prior to removal." *Jennings-Frye v.*

1 *NYK Logistics Ams. Inc.*, 2011 U.S. Dist. LEXIS 19562, at *8 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 538 (1939); *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 78 (9th Cir. 1979); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969)).  Moreover, these defendants were not dismissed by the court's December 14 order; rather, the court directed plaintiffs to file proof of service or a declaration regarding the status of service on these defendants, but did not analyze their effect on jurisdiction.  (*See* ECF 11 at 10 n.9.)  In any case, "only a voluntary act by a plaintiff could create a diversity removal jurisdiction where none existed from the complaint. [] The rule does not allow creation of diversity removal jurisdiction by court order dismissing the nondiverse defendant, [] even if state appeals of the dismissal were complete []." *Gould*, 790 F.2d at 773 (internal citations omitted).

Even if Carter and Windsor Capital were fictitious defendants, they must have been dismissed from this action before removal.  "[A] defendant's petition for removal is timely when made immediately after fictitious defendants are no longer part of the action and therefore can no longer destroy the required diversity." *Preaseau*, 591 F.2d at 77.  The plaintiff in *Preaseau v. Prudential Ins. Co.* argued that defendant "'could have sought removal notwithstanding the presence of the fictitious defendants because the fictitious defendants had not been served.'" *Id*.  The Ninth Circuit concluded that this argument was incorrect, as "this court has specifically rejected the contention that § 1441(b) implies that service is the key factor in determining diversity." *Id.* at 78.  Thus, the status of the unserved defendants does not serve to confer diversity jurisdiction upon the court.

III.   CONCLUSION

For the foregoing reasons, defendants' request for dismissal is DENIED and plaintiffs' request for remand is GRANTED.  This case is CLOSED.

IT IS SO ORDERED.

DATED: May 20, 2011.

_____
UNITED STATES DISTRICT JUDGE

6